Christopher P. Burke, Esq.  
Nevada Bar No.: 004093  
*attycburke@charter.net*  
702 Plumas St.  
Reno, Nevada 89509  
(775) 333-9277  
Chapter 7 Trustee

ECF Filed On  12/23/20

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA

In re:  
JASON ANDREW LARSEN, and  
CAMI CHERRIE LARSEN,

Debtors.

Case No.: 20-50069-BTB

Chapter 7

Hearing Date: 1/20/2021  
Hearing Time: 2:00 p.m.

## SECOND OBJECTION TO CLAIM OF EXEMPTIONS

COMES NOW, Christopher P. Burke, Esq., Chapter 7 trustee ("Trustee") and files this Second Objection to Claim of Exemptions filed by Debtors Jamson Andrew Larsen and Cami Cherrie Larsen ("Debtors" or " the Larsens").

### I.
### FACTS

1. On January 18, 2020 the Larsens filed a voluntary petition for chapter 7 bankruptcy relief in this district, commencing this case. (Dkt.#1.).

2. On January 18, 2020 Christopher P. Burke ("Trustee") was appointed as chapter 7 trustee of this bankruptcy estate. (Dkt. #2).

3. The Larsens' petition listed 4910 Manzanita Drive, Fallon, Nevada as their residence.

4. On Schedule A of the Larsens' petition, real property located at 1169 Ridgeway Drive, Oak Harbor, Washington ("Washington Property") is listed having a value of $252,000 and on Schedule C the Larsens' exempted the Washington Property under N.R.S. 21.090(1)(l), 115.050 (Dkt. 1, p. 18).

1

5. The Larsens listed the debt owed to Quicken Loans on the Washington Property as $252,000 on Schedule D (Dkt. 1, p. 22).

6. On March 16, 2020 Trustee objected to the Debtors' exemption of the Washington Property under Nevada law (Dkt. 16), which was heard on April 15, 2020.

7. This Court denied the Trustee's Objection to Debtors' Claim of Exemptions (Dkt. 35).

8. On June 1, 2020, the Trustee appealed the Order to the Bankruptcy Appellate Panel (36).

9. On November 3, 2020, the BAP vacated the Order and remanded for further proceedings (Ex. 'A' - BAP 20-1133 - Dkt. 20, p. 12).

10. On December 17, 2020, the Larsens amended their claim of exemptions (Dkt. 52) and exempted the Washington Property under Washington law, RCW 6.13.030, now claiming a value of $254,000 and a debt owed of $106,607.

11. On December 22, 2020 the Larsens re-filed the same amendments to their schedule C again (Dkt. 55).

## II.
## ARGUMENT

The Trustee objects to the home exemption on two grounds. First, based upon Zillow, the value of their Washington home is at least $309,360 (Ex. 'B'). And second, Washington only has a $125,000 homestead exemption. RCW 6.13.030. According to the Larsens' exemptions, there is equity in the amount of $147,393. However, the Trustee has their equity at $202,753. (Ex. 'C' - Declr. Of K. Wilson). Thus, either way, there is non-exempt equity between $22,393 and $77,753. Therefore, the Larsens' Washington property is not fully exempt.

As such, the real property is property of the bankruptcy estate and the Trustee can take possession, stand in the shoes of the Larsens and take whatever action necessary with regard to the Washington property, including selling or liquidating it. 11 U.S.C. §363(b)(1)

and (h) In the alternative, the bankruptcy estate is entitled to any nonexempt equity in the Washington property.

## III

## CONCLUSION

The Larsens' claim of exemption should be denied to the extent of any amount over $125,000. In addition, the Washington property should be valued higher. And the nonexempt equity must come into the bankruptcy estate.

Dated this 23rd day of December 2020.

Submitted by:

 */s/ Christopher P. Burke*
Christopher P. Burke,
Chapter 7 Trustee